\*\*E-Filed 07/20/2010\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS,<br><br>              Plaintiff,<br><br>   v.<br><br>TOTO WIBOWO LUKITO, individually and d/b/a PIZZA DEPOT,<br><br>              Defendant. | Case No. C-10-00209-JF<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND AND GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES WITH LEAVE TO AMEND<br>[re: doc. nos. 7, 8] |

## I.  BACKGROUND

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), was granted exclusive nationwide commercial distribution rights to "*Ultimate Fighting Championship 94*": *St-Pierre v. Penn 2* (the "Program"), which was televised nationwide on January 31, 2009. (Compl. ¶ 9.) On January 15, 2010, Plaintiff filed the instant action alleging that Defendants, Toto Wibowo Lukito, individually and d/b/a Pizza Depot ("Defendant"), unlawfully intercepted and exhibited the Program at his commercial establishment in Sunnyvale, California. The complaint asserts claims against Defendant for: (1) violation of 47 U.S.C. § 605; (2) violation of Title 47 U.S.C. § 553;

(3) conversion; and (4) violation of Business & Professions Code Section 17200, *et seq*. On March 29, 2010, Defendant filed an answer denying all claims asserted in Plaintiff's complaint. (Answer 1-3) The answer included a demand for jury trial along with forty-one affirmative defenses.

On April 20, 2010, Plaintiff filed motions to strike Defendant's jury demand and the affirmative defenses. (Pl.'s Req. for Judicial Notice, Ex. F & G.)  Defendant asserts that these motions are substantially the same as those litigated in a similar case, *J & J Sports Productions, Inc. v. Orellana*, 2010 WL 1576447 (N.D. Cal. 2010).  The plaintiff in that case, represented by the same counsel as Plaintiff here, sued the Orellana defendants alleging: (1) violation of Title 47 U.S.C. § 605; (2) violation of Title 47 U.S.C. § 553; and (3) conversion. *Id*. at 1.  The defendants filed an answer asserting twenty-nine separate affirmative defense and a demand for jury trial. (Defs.' Req. For Judicial Notice, Ex. B.)  On April 19, 2010, Judge Wilken issued an order denying the plaintiff's motions to strike the defenses and jury demand. *Orellana*, 2010 WL 1576447 at *2-4.  Defendant argues that the instant motions should be denied under the same rationale. (Defs.' Opp'n. to Pl.'s Mot. to Strike Defs.' Jury Demand 2-3)  Defendant also argues that because the instant motions do not address the third claim for conversion or the fourth claim for violation of Business & Professions Code § 17200, Plaintiff has conceded that there is a right to jury trial at least as to those two claims. *Id*. at 3.

## II.  Motion to Strike Jury Demand

When a jury trial has been demanded under Rule 38, "[t]he trial on all issues so demanded must be by jury unless ... the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. Proc. 39(a)(2).  The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. Const. Amend. VII.  In determining whether a right to jury trial on a cause of action exists, a court looks to: (1) "the nature of the right" and (2) whether the remedies provided "are legal or equitable in nature." *Spinelli v. Gaughan*, 12 F.3d 853, 855 (9th Cir. 1993), citing *Tull v. United States*, 481 U.S. 412,

417, 107 S.Ct. 1831, 1835 (1987).  It is well recognized that the second prong of the test is more important than the first.  *Spinelli*, 12 F.3d at 855-56; see also *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790 (1989).  Moreover, the preservation of the right to trial by jury is not limited to causes of action that actually existed in English law courts in the late eighteenth century, "but extends to actions analogous thereto." *Spinelli*, 12 F.3d at 855, citing *Tull*, 481 U.S. at 417.

The first prong of the *Spinelli* test requires a court to look to the "nature of the rights" protected by §§ 553 and 605. *Spinelli*, 12 F.3d at 855-56.  In *Orellana*, the court considered whether the nature of the rights protected by §§ 553 and 605 are "analogous to those covered by the property torts." *Id*. at *3.  The court explained that "Congress intended § 553 to combat piracy of cable television and § 605 to proscribe an unauthorized interception of wireless transmissions." *Id*., citing *TKR Cable Co. V. Cable City Corp.*, 267 F.3d 196, 200-07 (3d Cir. 2001).  Although claims for cable television piracy and the unauthorized interception of wireless transmissions obviously did not exist in the late eighteenth century, the court found the nature of the rights protected by §§ 553 and 605 to be analogous to "torts involving interference with property rights, such as conversion, which existed at common law." *Orellana*, 2010 WL 1576447 at *3.  Accordingly, the court held that "the Seventh Amendment preserves the right to jury trial on issues related to [a] request for statutory damages under §§ 553 and 605." *Orellana*, 2010 WL 1576447 at *4.

The second prong of the *Spinelli* test requires a court to determine whether the remedies provided are "legal or equitable in nature." *Spinelli*, 12 F.3d at 855-56.  As the *Orellana* court explained, monetary relief is a legal remedy, and an "award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." *Orellana*, 2010 WL 1576447 at *3, citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345-47, 118 S.Ct. 1279, 1283-84 (1998) (explaining that "monetary relief is legal ... and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment.").  Conversely, an award of monetary damages may constitute equitable relief if it is "incidental to or intertwined with injunctive relief." *Orellana*, 2010 WL

1576447 at *3, citing *Traxler*, 596 F.3d at 1012 (*quoting Chauffeurs Local No. 391 v. Terry*, 494 U.S. 558, 571, 220 S.Ct. 1339, 1348 (1990).).

In *Orellana*, the court found that there was no reason to depart from the general rule that monetary relief is a legal remedy. *Orellana*, 2010 WL 1576447 at *3. "Congress added the statutory provisions while it was concerned with deterring parties from stealing cable television services." *Id*., citing H.R.Rep. No. 98-934, 83-85, *reprinted in* 1984 U.S.C.C.A.N. 4655, 4720-22. Remedies "intended to punish [are] generally issued by courts of law." *Orellana*, 2010 WL 1576447 at *3. The *Orellana* court concluded that the legislature's enactment of the damages provisions of §§ 553 and 605 to discourage theft "supports the conclusion that these damages are legal in nature." *Id*., citing *Tull*, 481 U.S. at 422.

As in *Orellana*, Plaintiff in the instant case cites *Joe Hand Promotions v. Nekos*, 18 F. Supp 2d 214 (N.D. N.Y. 1998) for the proposition that statutory damages serve a restitutionary purpose and therefore should be considered equitable. (Pl.'s Mot. to Strike Jury Demand 5-6)  In *Nekos*, the court concluded that "restitution is appropriate when the plaintiff's loss is more than the defendant's gain." *Joe Hand Promotions*, 18 F. Supp 2d at 217, citing *Storer Cable v. Joe's Place Bar & Restaurant*, 819 F. Supp. 593, 596 (W.D. Ky. 1993). According to the court, restitution "refers more to the defendant's tortious conduct and thwarting it in the future than compensating plaintiff's actual loss." *Joe Hand Promotions*, 18 F. Supp 2d at 217, citing *Storer*, 819 F. Supp. at  596 (W.D. Ky. 1993). The court also concluded that "the discretionary nature" of statutory damages renders §§ 553 and 605 equitable. *Joe Hand Promotions*, 18 F. Supp 2d at 217. Like Judge Wilken, this Court finds this reasoning unpersuasive.

The deterrent purpose of §§ 553 and 605 supports the conclusion that the statutory damages are legal rather than equitable in nature. The mere fact that courts have "discretion" in providing a particular remedy "does not necessarily render the remedy equitable and, thus, outside the purview of juries." *Orellana*, 2010 WL 1576447 at *4. In *Feltner*, the Supreme Court examined whether § 504(c) of the Copyright Act ("§ 504(c)") is legal and thus within the purview of juries. *Feltner*, 523 U.S. at 353. Like §§ 553 and 605, § 504(c) grants courts discretion to award damages. In light of historical evidence showing that "cases involving

discretionary monetary relief were tried before juries," *Id.*, citing *Lord Townshend v. Hughes*, 2 Mod. 150, 151, 86 Eng. Rep. 994, 994-995 (C.P. 1677) (explaining "by the law the jury are the judges of damages"), the Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner*, 523 U.S. at 355.  The Orellana court noted that although §§ 553 and 605 "authorize a court to provide injunctive relief, ... [because each form of relief can be ordered independent of the other,] the statutory damages are not incidental or intertwined to these remedies." *Orellana*, 2010 WL 1576447 at *3.

This Court holds that the Seventh Amendment preserves the right to jury trial on issues related to Plaintiff's request for statutory damages under §§ 553 and 605.  Accordingly, Plaintiff's motion to strike Defendant's jury demand will be denied.

### III. Motion to Strike Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).  Where the damages sought in a prayer for relief are not recoverable as a matter of law, a motion to strike may be used to strike the prayer for such damages.  *Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005); *Bureerong v. Uvamas*, 922 F. Supp. 1450, 1479, n.34 (C.D. Cal. 1996), citing *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d. 559, 560 (8th Cir. 1974).

The grounds for a motion to strike must appear on the face of the pleading or from matter that the court may judicially notice and the court must view the pleading in the light most favorable to the pleader.  *SEC v. Sands,* 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000), citing *California v. United States,* 512 F. Supp. 36, 39 (N.D. Cal. 1981).  Where an "affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The central function of a Rule 12(f) motion is "to

avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

Here, Defendant has set forth forty-one affirmative defenses in a boilerplate answer. The answer contains no factual allegations whatsoever. (Answer 3-11) Absent such allegations, this Court cannot evaluate the sufficiency of the affirmative defenses.

### IV.  ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that:

1. the motion to strike defendant's jury demand is DENIED; and
2. the motion to strike defendant's affirmative defenses is GRANTED, with leave to amend.

Any amended answer shall be filed within thirty (30) days of the date of this order.

DATED: July 20, 2010

_____
JEREMY FOGEL
UNITED STATES DISTRICT JUDGE